Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie R. Stratford, Esq.
Nevada Bar No. 11288
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
calexander@swlaw.com
cstratford@swlaw.com

*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., and Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN E. WOLVERTON, DEBORAH GREENE, MICHAEL GREENE, individually and on behalf of each other herein,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC BANK USA, N.A.; HSBC MORTGAGE CORP. USA, a Delaware Corporation; MERSCORP, INC. a Virginia Corporation; MORTGAGE ELECTRONICS REGISTRATION SYSTEM, INC., a Delaware Corporation; MORTGAGEIT SECURITIES CORP, a subsidiary of DEUTSCHE BANK NATIONAL TRUST COMPANY; Mortgage loan Trust Series 2007-1, Mortgage Pass-Through Certificates, and Individuals 1 to 50, Inclusive; and ROES corporations 1 to 30, inclusive, and all other persons unknown claiming any right, title estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto.<br><br>Defendants. | Case No. 2:10-cv-01987-JCM-LRL<br><br>**DEFENDANT HSBC BANK USA, N.A., HSBC MORTGAGE CORP. USA, MERSCORP, INC., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS AND FOR RELEASE OF LIS PENDENS** |

COME NOW HSBC BANK USA, N.A.; HSBC MORTGAGE CORP. USA; MERSCORP, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

(collectively "HSBC and MERS"), by and through their counsel, the law firm of Snell & Wilmer L.L.P., and hereby move this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants also request that the lis pendens on the Property at issue be released.

This Motion to Dismiss this matter with prejudice and for Release of Lis Pendens (the "*Motion*") is based on the memorandum of points and authorities herein, Plaintiffs' Complaint on file with this Court (the "*Complaint*"), the exhibits and affidavits attached to this Motion, and any oral argument that this Court may entertain.

Dated: November 30, 2010.

SNELL & WILMER L.L.P.

By: /s/ Cynthia L. Alexander
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie Stratford, Esq..
Nevada Bar No. 11288
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., and Mortgage Electronic Registration Systems, Inc..*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This case is an especially egregious example of Plaintiffs who are improperly utilizing the Court system to avoid the consequences of their default.  The  claims related to the real property located at 230 W Highland Drive, Henderson, Nevada, 89015, APN: 179-19-211-009 (the "*Property*") have been dismissed with prejudice *twice before*.  The most recent complaint that was dismissed with prejudice was identical to the underlying complaint in this action.  This improper use of the Court system must end.

Plaintiff, Kathryn Wolverton's ("Wolverton") improper use of the judicial system started in 2008, when she brought a similar action related to the same Deed of Trust and Property in August of 2008 (the "2008 Case").  The 2008 Case named MERS as a defendant and included

1 various nearly identical causes of action. See, Case No. 2:08-cv-01168-JCM-RJJ. The Complaint in the 2008 Case was eventually dismissed with prejudice pursuant to a stipulation of the parties. See Case No. 2:08-cv-01168-JCM-RJJ, Docket #37, a copy of which is attached hereto as **Exhibit A**.

Then, in March of 2010, Wolverton, along with Deborah and Michael Greene, brought suit again (the "2010 Case") under the guise of a slightly different, but equally meritless case which re-asserts many of the claims already dismissed with prejudice against the MERS defendants in the 2008 Case. See, Case No. 2:10-cv-00700-PMP-PAL. The Complaint in the 2010 Case was dismissed with prejudice against HSBC, MERS and Deutsche Bank. See Case No. 2:10-cv-00700-PMP-PAL, Docket #31, attached hereto as **Exhibit B**. Further, Plaintiff filed a Motion to Set Aside the Order, which was briefed and denied. See Case No. 2:10-cv-00700-PMP-PAL, Docket #38, attached hereto as **Exhibit C**.

Then on September 29, 2010, Plaintiffs filed a complaint that is identical to the complaint that had just been dismissed by the Court with prejudice. See, Complaint, compared with the Complaint filed in Case No. 2:10-cv-00700-PMP-PAL, attached as **Exhibits D and E** respectively. Plaintiffs also filed a lis pendens and sought a restraining order from the state court which was denied. See, State Court Docket, attached as **Exhibit F**. This is a bold-faced attempt to remain in the Property indefinitely based upon merit-less claims that have been adjudicated, with prejudice, multiple times. All of these claims against HSBC and MERS, which are *identical* to the previous claims must be dismissed with prejudice because they are barred by principals of estoppel. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982) (barring under res judicata all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citation omitted). In addition it is abundantly clear theses claims are legally deficient and devoid of any factual basis, which were fully briefed in the Motion to Dismiss in the previous case number Case No. 2:10-cv-00700-PMP-PAL.

Plaintiffs' litigious tendencies with regard to this property are abundantly clear upon a review of the storied history of this merit-less litigation. Just as with the previous complaints,

1  Defendants are entitled to dismissal of all claims asserted in Plaintiffs' merit-less complaint with
2  prejudice and a release of the lis pendens.

## II.

## UNDISPUTED FACTS

The subject property related to this action is located at 230 W Highland Drive, Henderson, Nevada, 89015, APN: 179-19-211-009 (the "*Property*"). Wolverton acquired the Property in 2005, as evidenced by a Grant, Bargain, Sale Deed recorded on December 20, 2005. See **Exhibit G**. Wolverton's initial purchase of the Property was secured by a Deed of Trust in favor of the sellers, Tracy Lee Del Fante and Elizabeth Anne Del Fante, as Trustees of The Del Fante 1997 Trust, in the amount of $450,000.00. See **Exhibit H**. In addition, Wolverton granted a second Deed of Trust to Bart Maybie in the amount of $210,000.00. See **Exhibit I**.

A few months later, in March 2006, Wolverton obtained more traditional financing for the Property, as evidenced by a Deed of Trust reflecting MortgageIT, Inc. ("MortgageIT") as the lender, secured by an adjustable rate note in the amount of $888,000.00. See **Exhibit J**. Wolverton would have taken over $200,000 in cash from this transaction, after paying the prior beneficiaries of the deeds of trust.

Less than a year later, Wolverton again refinanced the Property. On February 8, 2007, Wolverton obtained an adjustable rate note from MortgageIT in the amount of $1,000,000.00, secured by a deed of trust. See Complaint, General Allegations, ¶ 2, See also **Exhibit K**. This Deed of Trust is the one at issue in Wolverton's Complaint, and is hereafter referred to as "Deed of Trust." The Deed of Trust identifies Plaintiff as the borrower, MortgageIT as the lender, MERS as the beneficiary, and Commonwealth Title as the trustee. At the same time, Wolverton obtained additional financing through MortgageIT in the form of a balloon note in the amount of $160,000.00, as reflected in a second Deed of Trust recorded on February 21, 2007. See **Exhibit L**. (Collectively, the Deed of Trust and this Second Deed of Trust are referred to as "Deeds of Trust").

Both Deeds of Trust reflect that MERS is the beneficiary acting solely as lender's nominee. (Ex. K and L, at pp. 1-2.) The Deeds of Trust further state that "Borrower understands

and agrees that MERS holds only legal title to the interests granted by Borrower" and "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property." (Ex. K at 3.)

On May 19, 2008, a Notice of Default and Election to Sell was recorded by National Default Servicing Corporation ("NDSC") with respect to the Deed of Trust, indicating that as of May 19, 2008, the total amount of delinquent payments was $29,643.60. See **Exhibit M**. Thereafter, MERS, as nominee for MortgageIT, assigned its interest in the Deed of Trust to HSBC Bank USA, National Association, as Trustee for MHL 2007-1 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. See **Exhibit N**; NDSC was substituted as Trustee of the first Deed of Trust. See **Exhibit O**.

Wolverton initiated her first Complaint in August of 2008. See, 2:08-cv-01168-JCM-RJJ. On August 21, 2008, National Default Servicing Corporation, as trustee, recorded a Notice of Trustee Sale to occur on September 11, 2008, indicating the total unpaid balance on the Note was $1,043,172.04. See **Exhibit P**. The 2008 Complaint was eventually dismissed with prejudice via stipulation of the parties in July, 2009. (Ex. A.) After the conclusion of the 2008 Litigation, NDSC recorded a new Notice of Trustee Sale on September 22, 2009. (Ex. P.) As set forth in the Notice, the Property was sold to HSBC on October 22, 2009. See **Exhibit Q**.

Then, on March 8, 2010, Plaintiffs filed another Complaint naming a slue of defendants including, MERS, and others that were name in the previous complaint. MortgageIT removed this matter to federal court on May 13, 2010. See Case No. 2:10-cv-00700-PMP-PAL, Docket #1 attached hereto as **Exhibit R**. HSBC, MERS and Deutsche Bank filed a Motion to Dismiss that complaint including both estoppel grounds in addition to addressing all of the substantive flaws in the claims asserted. That Motion was granted on July 19, 2010, and the lis pendens was released. (Ex. B.) Plaintiffs then obtained counsel who filed a Motion to Set Aside the order. See Case No. 2:10-cv-00700-PMP-PAL, Docket #36 attached hereto as **Exhibit S**. This Motion was denied on September 29, 2010. See Case No. 2:10-cv-00700-PMP-PAL, Docket #37 a copy of which is attached hereto as **Exhibit T**.

///

Less than two weeks later, on September 29, 2010, Plaintiffs filed another complaint, which is identical to the complaint filed in March 2010. Plaintiffs also filed a motion for preliminary injunction and recorded another lis pendens against the Property. (Ex. F.) Then, on November 2, 2010, Plaintiffs filed another request for a temporary restraining order. While counsel had no notice of the pending requests for injunctive relief and as such was not present at the hearing, the moving papers fail to notify the Court of Plaintiffs previous failed attempts to assert identical claims. The request for a temporary restraining order was denied. (Ex. F.) HSBC and MERS removed the complaint on November 15, 2010. (Docket #1).

Plaintiffs must cease filing these base-less claims, which result in the unnecessary use of recourses by Defendants who have defended this action multiple times. As such, HSBC and MERS respectfully request dismissal with prejudice and a release of the lis pendens.

### III.
### LEGAL ARGUMENT

**A.    Legal Standard**

It is well settled law that claims already adjudicated cannot be reasserted because they are barred by the principal of res judicata. <u>Clark v. Bear Stearns & Co.</u>, 966 F.2d 1318, 1320 (9th Cir.1992); <u>McClain v. Apodaca</u>, 793 F.2d 1031, 1033 (9th Cir. 1986). This doctrine is vital to the smooth functioning of our judicial system and is designed to ensure "the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. <u>Americana Fabrics, Inc. v. L & L Textiles, Inc.</u>, 754 F.2d 1524, 1528-29 (9th Cir. 1985).

Plaintiffs' most recent complaint is an egregious violation of the doctrine of res judicata because the claims asserted have been dismissed with prejudice multiple times.

**B.    HSBC and MERS are Entitled to Dismissal, Because the Claims are Largely Barred by Res Judicata**

    *i.    The Adjudication of the 2008 Complaint Bars this Action*

As briefly stated above, many of the claims asserted in this Complaint are barred by principles of estoppel, or preclusion. MERS was named as a party to all three complaints. <u>See,</u> 2:08-cv-01168-JCM-RJJ, Docket #1, attached hereto as **Exhibit U**. The 2008 Complaint was

based upon the same transaction as this—namely for the February 2007 loan transaction secured by the property. Id. at ¶ 1, 9. "Claim preclusion prevents the relitigation of claims previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). As such, the claims for breach of the duty of good faith and fair deadline, injunctive relief, declaratory relief, fraud and RESPA, which appear in both Complaints must be dismissed.

In addition to the identical claims asserted, because the 2008 complaint focused on the same subject loan and Property, the current action is precluded on the basis of res judicata and estoppel. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982) (barring under res judicata all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citation omitted).

  *ii.*  *The Adjudication of the March 2010 Complaint Bars this Action*

Even more egregious is the fact that in March of this year, Plaintiffs filed an ***identical*** complaint including the same parties and the same claims. This complaint was dismissed with prejudice, based upon a Motion to Dismiss that included not only the estoppel based defense but also a detailed briefing on the legal deficiencies of the substantive claims asserted. See Case No. 2:10-cv-00700-PMP-PAL, Docket #21, attached hereto as **Exhibit V**. It is clear that the previous dismissal of this ***very*** complaint bars this action. Plaintiffs multitude of lawsuits, which are wasting judicial resources and resulting in unnecessary expense for the defendants named, are exactly the type of suits that the doctrine of res judicata is designed to avoid. Because all claims asserted in this cause of action are identical to the previous claims asserted against these very same defendants, these claims must be dismissed with prejudice and the lis pendens released.

## IV.
## CONCLUSION

Plaintiffs have already come before this court seeking identical relief in an attempt to avoid the consequences of their default. The instant complaint filed by these litigious Plaintiffs who are abusing the judicial system must be dismissed with prejudice as these issues have already been fully adjudicated multiple times. As such, MERS and HSBC respectfully request that

1  Plaintiffs' Complaint be dismissed in its entirely with prejudice.

2  Dated this ___ day of November, 2010.   SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie Stratford, Esq.
Nevada Bar No. 11288
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., and Mortgage Electronic Registration Systems, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT HSBC BANK USA, N.A., HSBC MORTGAGE CORP. USA, MERSCORP, INC., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS AND FOR RELEASE OF LIS PENDENS** by the method indicated and addressed to the following:

| U. S. Mail | Electronic Service via CM/ECF |
|---|---|
| Kathryn E. Wolverton<br>Deborah Greene<br>Michael Greene<br>4660 Polaris Avenue<br>Las Vegas, NV 89103<br>Phone: (702) 683-5531<br>Fax: (702) 434-4036<br>*Plaintiffs Pro Se* | Laraine M I Burrell, Esq.<br>Mark G Tratos, Esq.<br>Shauna L. Welsh, Esq.<br>Greenberg Traurig, LLP<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Phone: 702-792-3773<br>Fax: 702-792-9002<br>Email: burrelll@gtlaw.com<br>*Attorneys for MortgageIT, Inc.* |

DATED this 22nd day of November, 2010

_____
An employee of Snell & Wilmer L.L.P.

99999.0000\STRATFC\SWDMS\12189615

- 9 -